IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROBERT BENEDICT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17CV109 |
| HANKOOK TIRE COMPANY LIMITED, and HANKOOK TIRE AMERICA CORPORATION, | ) |
| Defendants. | ) |

**HANKOOK TIRE COMPANY LIMITED'S AND HANKOOK TIRE
AMERICA CORPORATION'S OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendants Hankook Tire Company Limited and Hankook Tire America Corporation hereinafter referred to collectively as ("Hankook"), by counsel, submit this memorandum in opposition to Plaintiff's Motion to Strike Affirmative Defenses [Dkt 337, 338]. For the reasons set forth below, Plaintiff's Motion should be denied.

### I.   INTRODUCTION

Plaintiff is asking the Court—one month before the start of trial—to order Hankook to replead two if its affirmative defenses because they are pled in a "conclusory fashion, to the point [he] is unable to discern whether there is any meritorious basis." (Pl.'s Mot. [Dkt. 338] at 4.) Plaintiff fails to explain how he was deprived of this information when the challenged affirmative defenses—intervening/superseding cause and assumption of the risk—were first asserted verbatim over a year ago—on October 11, 2016—and reasserted on November 2, 2016 and July 26, 2017. With more than a year of notice, Plaintiff has had ample time to discover the bases of Hankook's

1

affirmative defenses, challenge the sufficiency thereof, and prepare for trial—all of which he has done without a single complaint regarding Hankook's discovery responses.

Even if Plaintiff could escape the fact that he has had notice for over a year, his Motion fails because it is founded on the application of the heightened Twombly/Iqbal pleading standard. This standard applies to claims, not defenses. Affirmative defenses must be stated in "short and plain terms" and provide "fair notice of the nature of the defense." Plaintiff received such notice in Hankook's answer to his second amended complaint and the three previous answers dating back to October 11, 2016.

Accordingly, Plaintiff's attempt to strike Hankook's affirmative defenses at the eleventh hour should be denied.

## II.  ARGUMENT

### A.  Legal Standard.

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A motion to strike a defense is, however, considered a drastic remedy which is disfavored by the courts and infrequently granted." *Banks v. Realty Mgmt. Serv.*, 2010 U.S. Dist. LEXIS 7501, *2 (E.D. Va. Jan, 29, 2010). "Traditionally, Rule 12(f) imposes a sizable burden on the movant, and courts typically strike defenses only when they have no possible relation to the controversy." *Lopez v. Asmar's Mediterranean Food, Inc.*, 2011 U.S. Dist. LEXIS 2265, *1 (E.D. Va. Jan.10, 2011). To grant a Rule 12(f) motion, the Court "must determine that the challenged allegations are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 U.S. Dist. LEXIS 61537, *4 (E.D. Va. July 17, 2009) (quoting

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). In reviewing a motion to strike, the Court must view the pled affirmative defenses in the light most favorable to the pleader. *Lopez*, 2011 U.S. Dist. LEXIS 2265, 2011 WL 98573 at *5; *Banks*, 2010 U.S. Dist. LEXIS 7501 at *3.

**B.      Hankook's Affirmative Defenses are Sufficiently Pled.**

    **1.      Pleading Standard for Affirmative Defenses.**

Plaintiff argues that Hankook's affirmative defenses are "**conclusory**" and prevent him from determining "whether there is any **meritorious basis** for asserting the same." (Pl.'s Mot. at 4)(emphasis added.)  This is not the standard.

Rule 8(b)(1)(A) requires that "a party . . . state in **short and plain terms** its defenses to each claim asserted against it." (emphasis added).  In *Clem v. Corbeau*, 98 Fed. Appx. 197, 203 (4th Cir. 2004), the Fourth Circuit held that "[a]n affirmative defense may be pleaded in **general terms** and will be held to be sufficient . . . as long as it gives plaintiff **fair notice of the nature** of the defense." (Pl.'s Mot. at 2)(emphasis added).  To determine whether a plaintiff has fair notice, the Court should consider whether "the challenged defenses are **contextually comprehensible** and **possibly related** to the controversy." *Flame S.A. v. Indus. Carriers, Inc.*, 2014 U.S. Dist. LEXIS 86662, *2 (E.D. Va. June 24, 2014) (emphasis added).

Plaintiff argues that Hankook's affirmative defenses should be held to the heightened pleading standard recognized by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)—the Twombly/Iqbal standard. (Pl.'s Mot. at 2.)  *Twombly* and *Iqbal*, however, involve the sufficiency of a plaintiff's "claim for relief" controlled by Rule 8(a)(2): a complaint must contain "a short and plain statement of the claim **showing that the pleader is entitled to relief**." Fed. R. Civ. P. 8(a)(2) (emphasis added).  This

3

standard—as **interpreted** by Twombly/Iqbal—requires the plaintiff to include facts demonstrating entitlement to relief: "[f]actual allegations must be enough to raise a right to relief above the speculative level—that is, the complaint must contain enough facts to state a claim for relief that is plausible on its face." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).

Recognizing that neither the Supreme Court nor the Fourth Circuit have applied Twombly/Iqbal to affirmative defenses, Plaintiff represents that the "district courts within Virginia are divided on the question" on the issue. (Pl.'s Mot. at 2.) Although there was disagreement in the years immediately following *Twombly* and *Iqbal*, since 2011 district courts in the Eastern District of Virginia have consistently said Twombly/Iqbal does **not** apply to affirmative defenses. *See Lopez,* 2011 U.S. Dist. LEXIS 2265, *7-8 (holding that the Twombly/Iqbal standard does not apply to affirmative defenses); *Grant v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 24645, *11 (E.D. Va. Feb. 25, 2014) (same); *Flame*, 2014 U.S. Dist. LEXIS 86662 at *2 (same); *Certusview Techs., LLC v. USIC*, 2014 U.S. Dist. LEXIS 197171, *13-14 (E.D. Va. Dec. 12, 2014) (same); *Beasley v. Red Rock Fin. Servs., LLC*, 2015 U.S. Dist. LEXIS 188481, *3 (E.D. Va. Feb. 2, 2015) (same); *Malibu Media, LLC v. Popp*, 2015 U.S. Dist. LEXIS 100219, *7 (E.D. Va. Apr. 13, 2015) (same). These decisions are founded on the clear distinction between Rule 8(a) and (b):

> [B]ecause Rules 8(b) and (c) do not require a party to 'show' that it is entitled to a defense, this Court declines to hold affirmative defenses to the same pleading standards required by Rule 8(a). Instead, this Court looks to whether the challenged defenses are contextually comprehensible.

*Grant*, 2014 U.S. Dist. LEXIS 24645 at *11.

Accordingly, Hankook's affirmative defenses should be analyzed under the "lenient standard" established by *Clem*—do they provide "fair notice of the nature of the defense," meaning are they "contextually comprehensible" and "possibly related" to the claim. *Malibu Media, LLC*

4

*v. Guastaferro*, 2015 U.S. Dist. LEXIS 99217*, *4 (E.D. Va. July 28, 2015); *see also Flame*, 2014 U.S. Dist. LEXIS 86662 at *2.

### 2. Hankook's Affirmative Defenses Provide Plaintiff Fair Notice.

The affirmative defenses challenged by Plaintiff mirror the language of Rule 8(b)—short and plain terms:

- If Plaintiff sustained any damages, there was an intervening and superseding cause or causes which led to them; and

- Plaintiff assumed any and all risks associated with the use of the product that forms the basis of this lawsuit.

(Pl.'s Mot. at 4.)  As required by *Clem*, this language provides Plaintiff "fair notice" of the defenses.  Specifically, these defenses are "contextually comprehensible" and "possibly related" to Plaintiff's sole remaining claim—that the subject tire was unreasonably dangerous at the time it left Hankook's control and proximately caused his injuries.  Plaintiff has raised no argument to the contrary.

Rather, Plaintiff argues that "allowing the defenses to be pled in such a manner would be prejudicial" because (1) Hankook can "revise their bases for the defense and the evidence in support of the same up until the day of trial," (2) Plaintiff cannot prepare for trial, and (3) Plaintiff cannot challenge the "sufficiency of the defense as a matter of law by use of a Rule 12(f) Motion to Strike." (Pl.'s Mot. at 4.)  Plaintiff's representations are undercut by the fact that he has been on notice of these affirmative defenses for over a year.  *See Flame*, 2014 U.S. Dist. LEXIS 86662 at *6 (refusing to strike affirmative defenses that were the subject of "extensive briefing and attention" because "[i]gnoring this history would surely be missing the forest for the trees.")

Plaintiff has had every opportunity to discover the bases for Hankook's affirmative defenses and challenge those he believes are unsupported by the evidence.  Plaintiff, in fact, has

5

filed multiple pretrial motions implicating these defenses. For example, Plaintiff's Fifth Motion in Limine seeks to preclude any reference to the "conduct or purported acts of negligence or breaches of any standards or duties by Essex Concrete or Metro Ready Mix or claiming or arguing that any other non-party individual or entity is responsible for or caused [] Mr. Benedict's injuries and/or damages." (Pl.'s Fifth Motion in Limine [Dkt. 145] at 8-9.)

In sum, Hankook has properly pled its affirmative defenses as required by Rule 8(b) and Plaintiff has not carried his burden of establishing that these defenses are unrelated to the controversy as required by Rule 12(f). Accordingly, Plaintiff's Motion should be denied.

**C.      Hankook Properly Asserted its Contributory Negligence Affirmative Defense.**

There is no dispute that the Court—over Hankook's objection—granted Plaintiff's Motion for Summary Judgment, striking Hankook's contributory negligence defense. (*See* Order dated Nov. 27, 2017 [Dkt. 221].) Hankook petitioned the Court for reconsideration, arguing that a clear error of law was committed. (*See* Hankook's Mot. for Reconsideration [Dkts. 224 and 225].) Although Hankook's motion was denied as premature, the Court stated that Hankook "shall be permitted to seek reconsideration again after the Court's opinion has been released and the parties are therefore informed of the grounds for its decision." (*See* Order dated Dec. 5, 2017 [Dkt. 226].) The Court, however, has not released its opinion to date.

Accordingly, Hankook reasserts its affirmative defense of contributory negligence to preserve this argument for reconsideration and for appeal. *See Flame*, 2014 U.S. Dist. LEXIS 86662 at *6-7 (recognizing that simply because the court "already rejected . . . arguments in earlier orders and opinions does not prevent [the defendant] from pleading these defenses. As [the defendant] has argued, it does so merely to preserve the defenses on appeal.")

### D. Hankook's Affirmative Defenses to Plaintiff's Breach of Implied Warranty Claim are Proper and Should not be Stricken.

Plaintiff did not move for summary judgment on Hankook's affirmative defenses relating to his implied warranty claim. Rather, Plaintiff included a passing reference to Rule 56(f) in his Opposition to Hankook's Motion for Summary Judgment on his implied warranty claim:

> Where two of the three purchases occurred *prior to* the effective date of the warranty, the preponderance of the evidence shows that the Price Guide was not a basis of the bargain and the Defendants' warranty defenses should fail as a matter of law. Therefore, this Court should grant summary judgment for Plaintiff on this issue and strike the Defendant's warranty defenses pursuant to Fed. R. Civ. P. 56(f)(1).

(Pl.'s Opp. to Def.'s Mot. for Summary Judgment [Dkt. 85] at 22.) On November 20, 2017, the Court heard argument on Hankook's Motion for Summary Judgment and Plaintiff again made a passing reference to Rule 56(f):

> We didn't move, but we requested in our reply brief that the Court find, under 56(f), judgement as appropriate for the nonmovant in this particular case. We did preserve that issue in the reply.

(*See* Hr'g Trans., dated Nov. 20, 2017 [Dkt. 220] at 143:14-17.) At the conclusion of that hearing the Court advised the parties of its rulings on the pending motions without reference to Plaintiff's argument relating to Rule 56(f). (*Id*. at 152:10-13.) Consistent with its ruling from the bench, The Court entered a formal order on November 27, 2017, which made no reference to Plaintiff's argument relating to Rule 56(f). (*See* Order, dated Nov. 27, 2017, [Dkt. 221].) Accordingly, Plaintiff has no basis on which to request that Hankook's affirmative defenses be stricken.

To the extent the Court entertains Plaintiff's request pursuant to Rule 56(f), it is clear that he is not entitled to summary judgement because there is a dispute of fact regarding the warranty that accompanied the sale of the subject tire. Although Plaintiff argues that "**Defendants' evidence on this issue** is so deficient that he is entitled to judgment as a matter of law (i.e., that

7

no reasonable juror could find a warranty or disclaimer had been incorporated into the contract of sale for the Subject Tire based upon the evidence tendered by Defendants purportedly proving as much)," Plaintiff does not know what the evidence at trial will be. (Pl.'s Mot. at 6.)  Specifically, Plaintiff failed to depose the one fact witness with knowledge of the express warranty that accompanied the sale of the subject tire—John Kline of Old Dominion Tire.  (*See* Exhibit D to Hankook's Memo. in Support of Mot. for Summ. Judgment [Dkt. 63-4].)   Indeed, Plaintiff failed to depose anyone from Old Dominion Tire despite being advised in January 2017 that Old Dominion Tire sold the subject tire.

Without knowing what Mr. Kline will say, Plaintiff cannot establish that the facts are undisputed.  Rather, Plaintiff is assuming what the facts will be and arguing that those assumed facts invalidate Hankook's affirmative defenses as a matter of law.  This is improper. *See United States v. Mullins*, 344 F.2d 128 (4th Cir. 1965) (vacating summary judgment entered "upon a state of facts assumed to be uncontroverted.")  Even if Plaintiff could establish that the facts are undisputed, there is a clear dispute regarding the conclusions to be drawn therefrom.  *See Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991) (recognizing that summary judgment is not appropriate "even where there is no dispute as to the evidentiary facts but only as to the conclusions to be drawn therefrom.")

Accordingly, to the extent there is a pending request for summary judgment pursuant to Rule 56(f), that request should be denied.

### III.   CONCLUSION

For the foregoing reasons, Hankook respectfully requests that this Court deny Plaintiff's Motion to Strike Affirmative Defenses, and for such other and further relief as the Court deems just and appropriate.

February 6, 2018

                                                     Respectfully submitted,
                                                     **HANKOOK TIRE AMERICA CORPORATION**
                                                     **and HANKOOK TIRE COMPANY LIMITED**

                                                     By: /s/ Matthew J. Hundley_____
                                                               Counsel

Martin A. Conn, Esq. (VSB No. 39133)
Matthew J. Hundley, Esq. (VSB No. 76865)
Moran Reeves & Conn PC
100 Shockoe Slip, 4th Floor
Richmond, VA 23219
Telephone:  (804) 421-6250
Facsimile:  (804) 421-6251
mconn@moranreevesconn.com
mhundley@moranreevesconn.com

Joel A. Dewey, Esq. (VSB No. 37319)
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
(410) 580-3000 Telephone
(410) 580-3001 Facsimile
Joel.dewey@dlapiper.com

Christopher G. Campbell, Esq. (pro hac)
DLA Piper LLP (US)
1201 W. Peachtree Street, NW\Atlanta, FA 30309
(404) 736-7808 Telephone
(404) 682-7800 Facsimile
Christopher.compbell@dlapiper.com

T. Steven Har, Esq. (pro hac)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY
(212) 335-4716 Telephone
(212) 884-8531 Facsimile
Steven.har@dlapiper.com

*Counsel for Hankook Tire Company Limited* and
*Hankook Tire America Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan E. Halperin, Esq.
Isaac McBeth, Esq.
Andrew Lucchetti, Esq.
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804)527-0100
Fax: (866) 335-1502

Jay Halpern, Esq.
Ian D. Pinkert, Esq.
Ernesto L. Santos, Jr., Esq.
Jay Halpern & Associates
150 Alhambra Cir. #1100
Coral Gables, FL 33134

*Counsel for Plaintiff*

/s/Matthew J. Hundley
Martin A. Conn, Esq. (VSB No. 39133)
Matthew J. Hundley, Esq. (VSB No. 76865)
Moran Reeves & Conn PC
100 Shockoe Slip, 4th Floor
Richmond, VA 23219
Telephone: (804) 421-6250
Facsimile: (804) 421-6251
mconn@moranreevesconn.com
mhundley@moranreevesconn.com

Joel A. Dewey, Esq. (VSB No. 37319)
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600

10

(410) 580-3000 Telephone
(410) 580-3001 Facsimile
Joel.dewey@dlapiper.com
Christopher G. Campbell, Esq. (pro hac)
DLA Piper LLP (US)
1201 W. Peachtree Street, NW\Atlanta, FA 30309
(404) 736-7808 Telephone
(404) 682-7800 Facsimile
Christopher.compbell@dlapiper.com

T. Steven Har, Esq. (pro hac)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY
(212) 335-4716 Telephone
(212) 884-8531 Facsimile
Steven.har@dlapiper.com

*Counsel for Hankook Tire Company Limited* and
*Hankook Tire America Corporation*