IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ROBERT BENEDICT,

    Plaintiff,

v.                             Civil Action No. 3:17-cv-109

HANKOOK TIRE COMPANY
LIMITED, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on HANKOOK TIRE COMPANY LIMITED AND HANKOOK TIRE AMERICA CORPORATION'S MOTION TO DISMISS (ECF No. 331). For the following reasons, the motion will be denied.

## BACKGROUND

In this products liability action, Robert Benedict sues Hankook Tire Company Limited ("HTCL") and Hankook Tire America Corporation ("HTAC") for the production and distribution of an allegedly defective tire. Defendants seek dismissal of Benedict's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

### A. Factual Context

A detailed overview of the facts of this case appears in the Court's Memorandum Opinions resolving Benedict's and Defendants' motions for summary judgment (ECF Nos. 341, 343). In short, however, this action involves a single-vehicle accident that occurred when the front right tire (the "subject tire") of a cement truck driven

by Benedict suffered a tread separation and the truck thereafter collided with an embankment on the side of the road. The subject tire was a Hankook Aurora TH08 Radial 425/65 R22.5 manufactured by HTCL in South Korea in 2005 and distributed in the United States by HTAC.

**B. Procedural History**

Benedict initially asserted three claims: (1) products liability negligence (including manufacturing defect, design defect, and failure to warn); (2) breach of the implied warranty of merchantability; and (3) breach of the implied warranty of fitness for a particular purpose. First Am. Compl. 5-11. He is now pursuing only a negligent manufacturing claim against HTCL and an implied warranty of merchantability claim against HTCL and HTAC. Second Am. Compl. 4, 6.

In October 2017, both sides moved for summary judgment. Benedict sought partial summary judgment to bar Defendants' contributory negligence defense. Defendants sought summary judgment as to Benedict's active claims. The Court ruled on these motions during a hearing held on November 20, 2017, Nov. 20, 2017 Hr'g Tr. 152, and subsequently issued an ORDER (ECF No. 221) and Memorandum Opinions (ECF Nos. 341, 343) formalizing its decisions.

After deciding these motions, the Court directed Benedict to file a Second Amended Complaint containing only his active claims. Nov. 20, 2017 Hr'g Tr. 162-63; ORDER (ECF No. 209). Benedict filed

his Second Amended Complaint on December 29, 2017. Defendants then filed the motion to dismiss that is the subject of this Opinion.

## THE APPLICABLE STANDARD

This Court has described the legal standard applicable to motions to dismiss under Rule 12(b)(6) in the following way:

> Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a claim if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim" showing that the pleader is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
>
> Courts should assume the veracity of all well-pleaded allegations in the Complaint, and should deny a motion to dismiss where those well-pleaded allegations state a plausible claim for relief. Id. at 679. A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Twombly, 550 U.S. at 556. The court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. Iqbal, 556 U.S. at 678-79.

Reardon v. Herring, 191 F. Supp. 3d 529, 535 (E.D. Va. 2016).

## DISCUSSION

### A. The Arguments

Defendants observe that Count I of Benedict's Second Amended Complaint, the negligent manufacturing claim, omits references to

"reasonable care" or "due care," references that were included in the First Amended Complaint. Defs.' Br. 2. Accordingly, Defendants maintain that Benedict now merely alleges a strict liability claim, rather than a negligence claim, and that strict products liability is not recognized under Virginia law. Defs.' Br. 2-3, 4-6; Defs.' Reply Br. 2, 5.

Benedict responds that Defendants' motion "is nothing more than a vexatious rearguing of the same issues which were put before the Court in connection with their Motion for Summary Judgment." Pl.'s Opp'n 1. He contends that manufacturers are under a duty to ensure that their products are "fit and safe for [their] foreseeable uses and misuses." See Pl.'s Opp'n 3. Benedict argues that a plaintiff alleges a breach of this duty not by claiming "a lack of 'due care'" but rather by asserting that "the product contained an unreasonably dangerous condition that existed when the product left the defendant's hands." See Pl.'s Opp'n 3-4 (citations omitted).

## B. Analysis

The Court agrees with Benedict that Defendants' motion is largely an attempt to reassert arguments that it has already presented to this Court in support of its motion for summary judgment. The required elements of a negligent manufacturing claim in Virginia have been set out in the Memorandum Opinion resolving that motion. (ECF No. 343). The Court need not repeat the entirety of the analysis

4

contained in that Opinion, and its discussion of the legal standards and authorities applicable to Virginia negligent manufacturing claims is incorporated here. (ECF No. 343).

In short, however, the Court previously concluded that a plaintiff suing a manufacturer of an allegedly defective product under Virginia law need only establish: (1) that the product contained a defect which rendered it unreasonably dangerous for ordinary or foreseeable use; (2) that the defect existed when it left the defendant's hands; and (3) causation. (ECF No. 343).[1] The question of whether the defendant was negligent or failed to discharge its duty of care is "bound up" with this basic products liability inquiry. (ECF No. 343). Consequently, although Virginia officially does not recognize strict products liability, it has largely abandoned the practical distinctions between strict liability and negligence in the products liability context. (ECF No. 343).

Benedict's omission of references to "due care" or "reasonable care," therefore, is not a ground to grant Defendants' motion to dismiss the Second Amended Complaint. Furthermore, Benedict's Second Amended Complaint otherwise plausibly alleges the required elements

---

[1] To be clear, the product must be the defendant's product. See Slone v. Gen. Motors Corp., 457 S.E.2d 51, 55 (Va. 1995); Dameron v. Fort Worth Steel & Mach. Corp., LE 1626, 1985 WL 306781, at *7 (Va. Cir. Ct. Mar. 26, 1985). The Court need not address the contours of that issue, however, because Benedict has pleaded that HTCL manufactured the subject tire. See Second Am. Compl. 2-5.

5

of a Virginia negligent manufacturing claim, and Defendants have offered no argument to the contrary. Benedict asserts that the subject tire was manufactured by HTCL with specific defects (inadequate component bonding and an inner liner too thin to prevent excessive oxygen permeation and component degradation), predisposing it to fail by way of a tread/belt separation during its service life, that those defects existed at the time the subject tire left HTCL's hands, that the subject tire indeed failed because of a tread/belt separation caused by those defects, that the subject tire's failure occurred while affixed to a cement truck driven on a public road (Route 288) by Benedict, and that the subject tire's failure resulted in a vehicle rollover and a variety of specified injuries. Second Am. Compl. 2-5.

## CONCLUSION

For the foregoing reasons, HANKOOK TIRE COMPANY LIMITED AND HANKOOK TIRE AMERICA CORPORATION'S MOTION TO DISMISS (ECF No. 331) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 15, 2018

6