**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**



ROBERT BENEDICT,

    Plaintiff,

v.

                          Civil Action No. 3:17-cv-109

HANKOOK TIRE COMPANY
LIMITED, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Robert Benedict's
MOTION TO STRIKE AFFIRMATIVE DEFENSES (ECF No. 337). For the
following reasons, the Court grants in part and denies in part
Benedict's motion.

## BACKGROUND

In this products liability action, Robert Benedict sues Hankook
Tire Company Limited ("HTCL") and Hankook Tire America Corporation
("HTAC") for the production and distribution of an allegedly
defective tire. Benedict seeks to strike several of Defendants'
affirmative defenses pursuant to Federal Rule of Civil Procedure
12(f).

## A. Factual Context

A detailed overview of the facts of this case appears in the
Court's Memorandum Opinions resolving Benedict's and Defendants'
motions for summary judgment (ECF Nos. 341, 343). In short, however,

this action involves a single-vehicle accident that occurred when the front right tire (the "subject tire") of a cement truck driven by Benedict suffered a tread separation and the truck thereafter collided with an embankment on the side of the road. The subject tire was a Hankook Aurora TH08 Radial 425/65 R22.5 manufactured by HTCL in South Korea in 2005 and distributed in the United States by HTAC.

## B. Procedural History

Benedict initially asserted three claims: (1) products liability negligence (including manufacturing defect, design defect, and failure to warn); (2) breach of the implied warranty of merchantability; and (3) breach of the implied warranty of fitness for a particular purpose. First Am. Compl. 5-11. He is now pursuing only a negligent manufacturing claim against HTCL and an implied warranty of merchantability claim against HTCL and HTAC. Second Am. Compl. 4, 6.

In October 2017, both sides moved for summary judgment. Benedict sought partial summary judgment to bar Defendants' contributory negligence defense. Defendants sought summary judgment as to Benedict's active claims. The Court ruled on these motions during a hearing held on November 20, 2017, Nov. 20, 2017 Hr'g Tr. 152, and subsequently issued an ORDER (ECF No. 221) and Memorandum Opinions (ECF Nos. 341, 343) formalizing its decisions.

2

After deciding these motions, the Court directed Benedict to file a Second Amended Complaint containing only his active claims. Nov. 20, 2017 Hr'g Tr. 162-63; ORDER (ECF No. 209). Benedict filed his Second Amended Complaint on December 29, 2017. Defendants filed answers to the Second Amended Complaint on January 3, 2018. Benedict then moved to strike several affirmative defenses contained therein.

## THE FEDERAL RULE OF CIVIL PROCEDURE 12(f) STANDARD

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Rule permits a court to act "on its own" or "on motion made by a party" within specified time limits. Id. Additionally:

> In applying [Rule 12(f)], "a district court has broad discretion in deciding whether to strike matters from pleadings." However, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"

Virginia Innovation Scis., Inc. v. Samsung Elecs. Co., Ltd., 11 F. Supp. 3d 622, 630 (E.D. Va. 2014) (citations omitted).

## DISCUSSION

### A. The Conclusory Defenses Argument

#### 1. The Pleading Standard for Affirmative Defenses

Benedict's first argument is that Defendants' Third and Fifth affirmative defenses fail to satisfy the applicable pleading standard. Pl.'s Br. 4-5.

The main question is whether the heightened pleading standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies to affirmative defenses. This Court has described the issue in the following way:

> The United States Court of Appeals for the Fourth Circuit has held that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." This was in accord with the decisions of the United States Supreme Court with respect to the pleading standards set forth in Federal Rule of Civil Procedure 8(a) prior to the Supreme Court's decisions in [Twombly and Iqbal]. Since Twombly and Iqbal were decided, however, the Fourth Circuit has not addressed whether the heightened pleading standard of Twombly/Iqbal-that alleged facts, taken as true, plausibly support an entitlement to relief-applies to the pleading of affirmative defenses, and district courts are divided on the question, including within the Eastern District of Virginia.
>
> The majority of the decisions from this court, however, support the view that Twombly/Iqbal does not apply to the pleading of affirmative defenses because the text of Federal Rule of Civil Procedure 8(b)(1)(A) and (c)(1), which governs the pleading of defenses,

4

"does not track the text of Rule 8(a)(2)," which
governs the pleading of a claim to relief.

Am. United Life Ins. Co. v. Mays, 2:17-cv-99, 2017 WL 3262251, at
*8-9 (E.D. Va. July 31, 2017) (citations omitted). In short, if the
heightened pleading standard does not apply, "[a]n affirmative
defense may be pleaded in general terms and will be held to be
sufficient . . . as long as it gives plaintiff fair notice of the
nature of the defense." See Clem v. Corbeau, 98 F. App'x 197, 203
(4th Cir. 2004) (citations omitted). "To determine whether the
plaintiff has fair notice of the defense, the Court considers whether
'the challenged defenses are contextually comprehensible and
possibly related to the controversy.'" Certusview Techs., LLC v.
Usic, LLC, 2:14-cv-373, 2014 WL 12591937, at *6 (E.D. Va. Dec. 15,
2014) (citations omitted).

The Court is persuaded by Defendants' argument that the trend
in this District in recent years has been not to apply the
Twombly/Iqbal standard to affirmative defenses. See Defs.' Opp'n 4;
Malibu Media, LLC v. Guastaferro, 1:14-cv-1544, 2015 WL 4603065, at
*2 (E.D. Va. July 28, 2015); Malibu Media, LLC v. Popp, 1:14-cv-700,
2015 WL 10937405, at *2 (E.D. Va. Apr. 13, 2015); Beasley v. Red Rock
Fin. Servs., LLC, 1:14-cv-1497, 2015 WL 13049994, at *1 (E.D. Va.
Feb. 2, 2015); Certusview, 2014 WL 12591937, at *4-6; Flame S.A. v.
Indus. Carriers, Inc., 2:13-cv-658, 2014 WL 2871432, at *2 (E.D. Va.
June 24, 2014); Grant v. Bank of Am., N.A., 2:13-cv-342, 2014 WL

5

792119, at *4 (E.D. Va. Feb. 25, 2014); see also Mays, 2017 WL 3262251, at *9 ("The majority of the decisions from this court, however, support the view that Twombly/Iqbal does not apply to the pleading of affirmative defenses[.]").

The Court is mindful of this trend. And, it is moved by the reasoning of these and other decisions. See, e.g., Grant, 2014 WL 792119, at *4; Lopez v. Asmar's Mediterranean Food, Inc., 1:10-cv-1218, 2011 WL 98573, at *1-2 (E.D. Va. Jan. 10, 2011). Accordingly, the Court evaluates Defendants' affirmative defenses under the lower pleading standard described above.

## 2. **Defendants' Third and Fifth Defenses**

Benedict challenges Defendants' Third and Fifth affirmative defenses. The Third states: "If Plaintiff sustained any damages, there was an intervening and superseding cause or causes which led to them. As such, any acts on the part of [Defendants] were not the proximate cause of Plaintiff's alleged damages." HTAC's Answer & Defenses to Pl.'s Second Am. Compl. 5 [hereinafter HTAC's Answer]; HTCL's Answer & Defenses to Pl.'s Second Am. Compl. 5 [hereinafter HTCL's Answer]. The Fifth states: "Plaintiff assumed any and all risks associated with the use of the product that forms the subject of this lawsuit ('Subject Tire')." HTAC's Answer 5; HTCL's Answer 5. The Court finds that the Third defense is insufficient and the Fifth defense is adequate.

6

The Third defense offers little specificity. Context, such as "extensive briefing and attention," could save it. See Flame, 2014 WL 2871432, at *2. However, the context here actually renders it even less clear.

Defendants' contributory negligence defense was primarily based on Benedict's alleged negligent conduct in response to the subject tire's disablement. See HTCL & HTAC's Opp'n to Pl.'s Mot. for Summ. J. 2. But, the Court granted Benedict's motion for summary judgment as to this defense, holding that Defendants had failed to produce expert testimony establishing the standard of care applicable to commercial truck drivers navigating a steer tire failure, i.e., to Benedict. (ECF No. 341).

Defendants also attempted to sustain their defense by incorporating by reference the "superseding cause" arguments supporting Defendants' own motion for summary judgment. (ECF No. 341). These arguments maintained that the subject tire had cuts to its belts, that, therefore, the subject tire should have been removed from service to comply with federal regulations, that the subject tire was not removed from service, and that the failure to do so constituted negligence per se. See HTCL & HTAC's Mem. in Supp. of Mot. for Summ. J. 27-28; HTCL & HTAC's Reply in Supp. of Mot. for Summ. J. 19-21. The Court rejected those arguments, holding that Defendants had not shown either the negligence or causation elements

7

of negligence per se. (ECF No. 341). In relevant part, the Court determined that Defendants had not established that the cuts appeared on the subject tire before the accident and that, in any case, they had not shown that the cuts (and the failure to remove the subject tire from service) proximately caused the accident. (ECF No. 341).

That decision forecloses any contention that Benedict's response to the subject tire's disablement was negligent or that the failure to remove the subject tire from service was negligent per se. Additionally, it forecloses any argument that the cuts to the subject tire (or the failure to remove the subject tire from service) proximately caused the accident.

For a cause of harm to be superseding, that cause must "so entirely supersede the operation of the defendant's negligence, that it alone, without the defendant's contributing negligence thereto in the slightest degree, produces the injury." Atkinson v. Scheer, 508 S.E.2d 68, 72 (Va. 1998) (citations omitted). The causes considered superseding are generally those that are "so highly extraordinary as to be unforeseeable." See Dorman v. State Indus., Inc., 787 S.E.2d 132, 139 (Va. 2016); see also Banks v. City of Richmond, 348 S.E.2d 280, 283 (Va. 1986) ("It is not reasonably foreseeable that a maintenance man will search for a gas leak with fire. . . . [T]he fact that the gas was not turned off at the meter is not legally significant."). Some case law suggests that a

superseding cause could be non-negligent, such as where "the non-negligent cause would have alone been sufficient to bring about the injury, if the negligent cause had been absent." See Appalachian Power Co. v. Wilson, 129 S.E. 277, 280 (Va. 1925). But, such causes would be rare. See id. ("When an injury results from two combined causes, one negligent and the other nonnegligent, or purely accidental, the causes having such causal connection as to constitute an unbroken transaction, the law places the liability on the person responsible for the negligent cause and establishes the negligent cause as the proximate cause . . . ."); id. at 281 ("[W]here a cause which results in injury to a person is set in motion by another, that other will be liable to the person injured, although the intervening act or omission of such person was the immediate cause of his receiving the injury, provided . . . the latter act or omission occurs in the exercise of ordinary care by the person injured." (citations omitted)). Indeed, even negligent causes are not per se superseding. See APV Crepaco, Inc. v. Alltransport Inc., 683 F. Supp. 1031, 1034 (E.D. Va. 1987); Philip Morris, Inc. v. Emerson, 368 S.E.2d 268, 277 (Va. 1988). Further, "an intervening cause is not a superseding cause if it was put into operation by the defendant's wrongful act or omission." Dorman, 787 S.E.2d at 139 (citing Jefferson Hosp. v. Van Lear, 41 S.E.2d 441, 444 (Va. 1947)); see also Jefferson Hosp., 41 S.E.2d at 444 ("An intervening act . . . which

9

is a normal response to the stimulus of a situation created by the actor's negligent conduct, is not a superseding cause of harm . . . ." (citations omitted)).

As explained above, Benedict's alleged negligence and negligence per se cannot be superseding causes because the Court has held that Benedict was not negligent or negligent per se. (ECF No. 341). Further, the cuts to the subject tire (and the failure to remove the subject tire from service) are not superseding because the Court has determined that there is no dispute of material fact that they did not proximately cause the accident. (ECF No. 341).

Given that the superseding cause defense standard is a high bar, moreover, it is also clear that this defense could not refer to Benedict's non-negligent conduct in response to the subject tire's disablement. This is because (assuming for the moment that the subject tire failed because of improper manufacturing) his responsive actions, by definition, were "put into operation by [Defendants'] wrongful act or omission," see Dorman, 787 S.E.2d at 139, and would not "alone [have] been sufficient to bring about the injury, if the negligent cause had been absent," see Appalachian, 129 S.E. at 280. Furthermore, where, as here, "a cause which results in injury to a person is set in motion by another," an "act or omission of the person injured, if it occurs in the exercise of ordinary care on the part of the latter, cannot be regarded as the proximate cause

10

of the injury." See Appalachian, 129 S.E. at 281 (emphasis added) (citations omitted). Indeed, it is unthinkable that a driver's non-negligent response to a tire failure caused by Defendants' alleged improper manufacturing could be "so highly extraordinary as to be unforeseeable." See Dorman, 787 S.E.2d at 139. Rather, any such conduct inherently constitutes "a normal response to the stimulus of [the] situation" created by Defendants. See Jefferson Hosp., 41 S.E.2d at 444. In short, Benedict's actions could not have "so entirely supersede[d] the operation of [Defendants'] negligence, that [they] alone, without [Defendants'] contributing negligence thereto in the slightest degree, produce[d] the injury." See Atkinson, 508 S.E.2d at 72 (citations omitted).[1]

Given that Defendants cannot rely on Benedict's alleged negligence, his alleged negligence per se, the cuts to the subject tire, the failure to remove the subject tire from service, or his non-negligent response to the tire disablement to sustain their superseding cause defense, it is otherwise unclear what acts or events Defendants intend to rely upon to sustain this defense. Hence, their "threadbare" affirmative defense fails to provide Benedict with "fair notice." See Flame, 2014 WL 2871432, at *3. Defendants

---

[1] It is true that "issues of negligence and proximate cause are ordinarily questions of fact for a jury." Poliquin v. Daniels, 486 S.E.2d 530, 534 (Va. 1997). However, these may be questions of law "when reasonable minds could not differ." Id. The Court does not believe that reasonable minds could differ on this point.

11

will be granted leave to re-plead this defense to correct that deficiency. Additionally, to the extent that Defendants' other, more detailed, defenses were intended to refer to their superseding cause defense, Defendants are directed to consolidate these defenses and to clarify the issues to which they relate.[2]

The Fifth defense is adequate because, in the context of a products liability suit involving a tire disablement, it is clear that this defense refers to Benedict having assumed the risk of a tire failure. See Certusview, 2014 WL 12591937, at *15. There is no other product that could be at issue or risk that could be assumed. Furthermore, this defense could refer only to the negligence claim, not the implied warranty claim, because assumption of the risk is not a defense to implied warranty claims. See Wood v. Bass Pro Shops, Inc., 462 S.E.2d 101, 103 (Va. 1995).[3]

---

[2] It appears that a superseding cause defense would be applicable to implied warranty claims as well as negligence claims. See Dorman, 787 S.E.2d at 139-40; see also Cooper v. Ingersoll Rand Co., 628 F. Supp. 1488, 1494-96 (W.D. Va. 1986). Cf. Logan v. Montgomery Ward & Co., Inc., 219 S.E.2d 685, 688 (Va. 1975) ("[O]ccasionally there is a malfunction which cannot be attributed to negligence or breach of warranty by the manufacturer or seller, but rather is attributable solely to the negligence of the installer or the purchaser, or to some unknown cause."). Accordingly, to the extent that Defendants are raising a superseding cause defense to Benedict's implied warranty claim, the same analysis provided above applies.

[3] Benedict appears to be suing only HTCL for negligence. See Second Am. Compl. 4. Nevertheless, HTAC can raise this defense given that Benedict may have factually pleaded a negligence claim against it.

12

In sum, Benedict's motion is granted as to the Third affirmative defense, which will be stricken without prejudice, and it will be denied as to the Fifth affirmative defense.

## B. The Previously Resolved Contributory Negligence Defense Argument

Benedict also argues that Defendants' Sixth affirmative defense, their contributory negligence defense, was resolved by this Court's ruling on Benedict's motion for summary judgment. Pl.'s Br. 5; see also HTAC's Answer 5; HTCL's Answer 5. Benedict is correct. (ECF Nos. 221, 341). The Court recognizes that Defendants have reasserted this defense to preserve it for the record. Nov. 20, 2017 Hr'g Tr. 163-64.

Accordingly, the Court grants Benedict's motion as to this issue and strikes Defendants' Sixth affirmative defense with prejudice.[4]

## C. The Warranty Defenses Argument

Benedict further contends that Defendants' warranty defenses (the Sixteenth, Seventeenth, and Eighteenth affirmative defenses) should be stricken to the extent that the Court agrees with his

---

[4] Defendants' Sixth defense erroneously refers to "Plaintiff's and/or other third parties' contributory negligence." See HTAC's Answer 5; HTCL's Answer 5. Contributory negligence relates only to a plaintiff's negligence. See Rascher v. Friend, 689 S.E.2d 661, 664-65 (Va. 2010); Sawyer v. Comerci, 563 S.E.2d 748, 752-53 (Va. 2002). Thus, to the extent that this aspect of Defendants' Sixth defense was not resolved by the Court's ruling on Benedict's motion for summary judgment, it is insufficient as a matter of law and stricken with prejudice for that reason.

13

argument, raised in his brief in opposition to Defendants' motion for summary judgment, that "Defendants' evidence . . . is so deficient that he is entitled to judgment as a matter of law." Pl.'s Br. 5-6; see also HTAC's Answer 7; HTCL's Answer 7.

Although the Court denied Defendants' motion for summary judgment, it declined to grant summary judgment in Benedict's favor based on arguments contained in his opposition brief. Rather, the Court directed Benedict to file his own motion, in light of the Court's ruling, if he wished to seek summary judgment as to these defenses. (ECF No. 343). Accordingly, there is no ground for the Court to strike Defendants' warranty defenses (Defendants' Sixteenth, Seventeenth, and Eighteenth affirmative defenses) at this time.[5]

Therefore, Benedict's motion will be denied as to those defenses.

---

[5] Benedict's reply brief, filed after the Court's Opinion denying Defendants' motion for summary judgment was released, concedes this point. Pl.'s Reply Br. 7.

## CONCLUSION

For the foregoing reasons, Benedict's MOTION TO STRIKE AFFIRMATIVE DEFENSES (ECF No. 337) is granted in part and denied in part.[6]

It is so ORDERED.

_____ /s/   *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February **16**, 2018

---

[6] The Court notes that several of Defendants' "affirmative defenses" are simply negations of various elements of negligence or of allegations in the Second Amended Complaint. These are not true affirmative defenses. Moreover, many of these defenses are repetitive or redundant. Benedict has not moved to strike on these grounds, but the Court grants leave to Defendants to properly identify and consolidate their defenses in their revised answers.

15